MEMORANDUM **
William Ellis appeals pro se the bankruptcy court’s order deeming him to be a vexatious litigant and imposing a prefiling review requirement. The bankruptcy court has the authority to impose such a sanction. See In re Dyer, 322 F.3d 1178, 1196 (9th Cir.2003) (“The inherent sanction authority allows a bankruptcy court to deter ... improper litigation tactics.”); In re Rainbow Magazine, 77 F.3d 278, 284 (9th Cir.1996) (“[B]ankruptcy courts have the inherent power to sanction vexatious conduct presented before the court.”). The sanction is not “punitive” and therefore does not exceed the bankruptcy court’s inherent authority. See Dyer, 322 F.3d at 1197.
Ellis received sufficient notice in the bankruptcy court’s show cause order that incorporated by reference a prior order detailing Ellis’s “improper, fraudulent and illegal behavior.” Moreover, he was permitted to respond to the allegations before the court imposed the sanction. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir.2005) (noting sanctions require only “notice and an opportunity to be heard”). Finally, the court’s order was sufficiently “narrowly tailored.” See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir.2007). The bankruptcy court identified and discussed other alternatives, including a complete bar to any future filings, before selecting a sanction that would allow Ellis access to the court, but preclude him from filing frivolous papers. See id. at 1061 (noting prefiling order is narrowly tailored when it does not prevent filing but “merely subjects [pleadings] to an initial screening review by a district judge”).
We are not unmindful that “pre-filing orders are an extreme remedy that should rarely be used.” Id. at 1057. Nonetheless, we agree with the district court’s reasoning in affirming the bankruptcy court’s order that this case “presents the extreme circumstances in which an injunction against a vexatious litigant ... is authorized to deter such conduct.” Indeed, we also found it necessary to enter a pre-filing order that requires Ellis to submit all “future notices of appeal” so that we may “review [his] submissions and determine whether they merit further review and whether they should be filed.” See In re Ellis, No. 07-80057 (9th Cir. July 30, 2007) (unpublished order).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.